IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN FORBESS,                                          CV. 05-1527-HU

          Plaintiff,                                      ORDER

    v.

BRIAN BELLEQUE, et al.,

          Defendants.

MOSMAN, Judge

    Plaintiff brings this civil rights action complaining that he has been denied surgery and adequate medication to alleviate pain in his hand, wrist, and back.  Currently before the court is plaintiff's motion for preliminary injunction (#19).

## **STANDARDS**

    A preliminary injunction is appropriate if the moving party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor.  LGS Architects, Inc. v. Concordia Homes of Nevada, 434 F.3d 1150, 1155 (9th Cir. 2006).  These two formulations represent

1 -- ORDER

two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Id. A request for a mandatory injunction, seeking relief well beyond the status quo, is disfavored and shall not be granted unless the facts and law clearly favor the moving party. Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1319-20 (9th Cir. 1994).

In order to prevail on an Eighth Amendment claim for the denial of adequate medical care, plaintiff must prove that defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay or intentionally interfere with medical treatment. Lopez, 203 F.3d at 1131; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.), cert. denied, 519 U.S. 1029 (1996).

However, the indifference to medical needs must be substantial. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). Inadequate treatment due to malpractice or even gross negligence, does not constitute an Eighth Amendment violation. Id.; Lopez, 203 F.3d at 1131. Similarly, a difference of medical opinion between a prisoner and his treating physicians regarding the appropriate course of treatment does not amount to deliberate indifference. Jackson, 90 F.3d at 332. Rather, plaintiff must show that the course of treatment undertaken was medically

2 -- ORDER

unacceptable under the circumstances, and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health.  Id.

## DISCUSSION

### I.  Background.

Plaintiff allegedly has been disabled most of his life. Plaintiff was diagnosed with scoliosis at age twelve, and has undergone three back surgeries.  Plaintiff alleges that he currently needs a laminectomy, or joint and disc replacement surgery, to alleviate back pain caused by a protruding disc. Plaintiff complains that he has received inadequate pain management treatment, and that his repeated requests for corrective surgery have been denied.  Plaintiff further alleges that prison staff have falsified his medical records and incorrectly dispensed medication in "an attempt on his life [and] to shut him up and to avoid giving him the medical treatment he needs".  Complaint at ¶¶ 66 & 85.

Additionally, plaintiff alleges that he tore ligaments in his wrist in 1998, and broke his wrist in 2000.  Plaintiff alleges that because he was denied immediate treatment for his broken wrist, it has healed improperly.  He has sought corrective surgery for both injuries, but his repeated requests have been denied.  In his motion for preliminary injunction, plaintiff seeks an order requiring defendants to prescribe "some effective pain-relievers, like liver friendly, i.e. hydrocodone or its equivalent".

3 -- ORDER

///

**II. Analysis.**

Plaintiff has failed to produce evidence that the course of treatment undertaken by defendants is medically unacceptable or that the defendants chose this course of treatment in conscious disregard of an excessive risk to plaintiff's health. The record reveals that (1) plaintiff has been examined by medical personnel on a repeated basis;[1] (2) blood tests and x-rays have been taken to diagnosis plaintiff's various ailments; (3) multiple pain medications have been prescribed to alleviate plaintiff's complaints of pain; and (4) prison officials have concluded that surgery is not medically necessary.

Plaintiff's disagreement with defendants' diagnoses and course of treatment and his allegation that his medical records have been falsified, without more, do not support a finding of deliberate indifference on the part of defendants. <u>Jackson</u>, 90 F.3d at 332. Accordingly, I conclude that the facts and the law do not clearly

---

[1] Plaintiff's complaint and exhibits in support of his motion for preliminary injunction reveal that in the year 2003, plaintiff was seen by medical staff on March 5, April 10, May 6, June 2, June 23, June 27, July 8, July 18, October 23, and November 10. The complaint and exhibits reveal that in the year 2004, plaintiff was seen by medical staff on January 5, January 12, January 27, March 9, March 26, June 21, September 5, September 7, September 21, October 5, and October 18. The complaint and exhibits reveal that in the year 2005, plaintiff was seen by medical staff on February 9, March 10, March 31, May 9, and July 27.

favor the plaintiff on his Eighth Amendment claims. An injunction changing the status quo, therefore, is not warranted.

## CONCLUSION

Based on the foregoing, plaintiff's motion for preliminary injunction (#19) is DENIED.

IT IS SO ORDERED.

DATED this 10th day of March, 2006.

```
                            /s/ Michael W. Mosman
                            Michael W. Mosman
                            United States District Judge
```

5 -- ORDER