FILED'08 MAR 25 15:00USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEVEN C. FORBESS,  <br>  Plaintiff,  <br>  v.  <br> BRIAN BELLEQUE, et al.  <br>  Defendants. | No. CV 05-1527-HU  <br>  <br> FINDINGS AND  <br> RECOMMENDATION |

Steven C. Forbess
#5968485
Oregon State Penitentiary
2605 State Street
Salem, Oregon 97310
     Pro se

Hardy Myers
Attorney General
Leonard W. Williamson
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301
     Attorneys for defendants

HUBEL, Magistrate Judge:

   Plaintiff Steven Forbess brought this action under 42 U.S.C. § 1983, alleging that defendants have provided him constitutionally

Findings and Recommendation Page 1

inadequate medical care in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Forbess seeks compensatory and punitive damages and declaratory relief. Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds of claim and issue preclusion.

## Factual and Procedural Background

Forbess is incarcerated at Oregon State Penitentiary (OSP). In October 2004, Forbess filed a petition for writ of habeas corpus in the Circuit Court for Marion County, alleging that he received constitutionally inadequate treatment for a broken fifth metacarpal in his right hand, incurred in 2000, torn ligaments in his right wrist incurred in September 1998, and back pain resulting from a protruding disc diagnosed in approximately 1997. Defendants' Exhibit 101, *passim*. Forbess alleged that he "wants and needs" surgery to repair the broken bone in his hand and the torn ligaments of his right wrist, id. at ¶ 37, and either a laminectomy or, "what he really needs," joint and disc replacement surgery to alleviate his back pain. Id. at ¶ 51.

Forbess filed this civil rights action in the district court on October 3, 2005, while the petition for habeas corpus was pending in state court. (Doc. #2)

On September 21, 2006, Forbess's habeas corpus petition based on constitutionally inadequate medical care for medical conditions involving his right hand, right wrist, and lower back was tried in the Circuit Court for Marion County, Circuit Court Judge Joseph

Findings and Recommendation Page 2

Guimond presiding. Defendants' Exhibits 102, 103. Forbess was represented by counsel, Scott Howell. Exhibit 102. Forbess gave testimony at the trial, as did Richard Degner, M.D., a physician at OSP. The Circuit Court judge noted at the beginning of the trial that the two issues presented were whether Forbess had established a serious medical condition, and whether the defendant Brian Belleque, superintendent of OSP, had acted with deliberate indifference to Forbess's serious medical needs. Exhibit 102, 5:16-21.

Forbess testified that he had ongoing severe low back pain, beginning when he had a spinal fusion for scoliosis at the age of 15. Id. at 8:17-20. Since that time he had had three back surgeries. Id. at 8:21-24. In 1998, he had surgery to repair a fusion break at L3-4, and at that time was diagnosed with disc protrusion at L4-5. Id. at 9:5-20. Forbess testified that he has seen prison doctors for the low back pain, and has received pain medication including Neurontin, but that the drugs have not curtailed the pain or else have caused side effects, and "I know I need a laminectomy," id. at 15:19, or a facet replacement. Id. at 16:7-8. Forbess testified that he also wants surgery to repair the torn ligaments in his hand, id. at 19:11-14, a surgical procedure on the broken metacarpal in his hand in which the bone is re-broken, aligned and set, id. at 21:4-6, better pain medication, and a consultation with an orthopedic specialist. Id. at 23:1-8.

Dr. Degner testified that in his opinion, Forbess's back pain was the result of degenerative arthritis, rather than nerve root

Findings and Recommendation Page 3

compression caused by a protruding disc. <u>Id.</u> at 30:14-20. Dr. Degner said that generally surgery is not recommended for degenerative arthritis. <u>Id.</u> at 40:4-9. Dr. Degner opined that for a ligament tear, surgery might be appropriate within the first week of injury, but immobilization of the joint will cause the ligaments to heal. <u>Id.</u> at 40:17-25. In Dr. Degner's opinion, "if you wait a long time on a ligament tear, then any kind of surgical intervention is really not indicated." <u>Id.</u> at 41:1-4. Dr. Degner testified that he believed surgery on Forbess's hand or wrist would "end up being more harmful to him than helpful." <u>Id.</u> at 41:9-11.

On October 5, 2006, Judge Guimond issued a ruling by letter, noting that both sides agreed Forbess's low back condition was a "serious medical condition," but that defendants disputed the seriousness of Forbess's right hand conditions. Exhibit 103. The court did not resolve the dispute about whether the conditions were serious, because the judge concluded that the "deliberate indifference" element had not been shown. Judge Guimond held as follows:

> I am compelled to agree with the defendant that there has been no showing of any "deliberate indifference" on behalf of the defendant. As the defendant points out, the surgery that plaintiff wants for his back has not been recommended by the ortho specialist. There is simply no medical evidence that a further invasive surgery on plaintiff's low back would bring him any relief. As to his hand, there is a difference of opinion as to whether plaintiff should be referred to [a] specialist. An honest difference of opinion between medical providers as to the proper course of treatment for an individual does not establish "deliberate indifference"[.] See <u>Billings v. Gates</u>, 323 Or. at 167 (1966). Accordingly, I find that plaintiff's petition for Habeas Corpus relief should be denied.

Findings and Recommendation Page 4

Id.

## Discussion

Federal courts have traditionally adhered to the related doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion). Allen v. McCurry, 449 U.S. 90, 94 (1980). The rules of issue and claim preclusion are generally applicable to § 1983 actions. Id. at 96.

Although federal courts look to the common law supporting issue and claim preclusion in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the state from which the judgment emerged would do so. Id. at 96; 28 U.S.C. § 1738. Under § 1738, the full faith and credit statute, federal courts must "give the same preclusive effect to a state court judgment as another court of that state would give." Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986); Palomar Mobilehome Park v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993).

Traditional claim preclusion is applied in Oregon. Harris v. Jacobs, 621 F.2d 341 (9th Cir. 1980), citing McAllister v. Charter First Mortgage, Inc., 279 Or. 285 (1977); Waxwing Cedar Prods., Ltd. v. Koennecke, 278 Or. 603, 610-11 (1977).

In Harris, 621 F.2d at 343 & n. 3, the court held that a federal civil rights claim for inadequate medical treatment from prison medical personnel that was fully adjudicated on the merits in a state habeas proceeding is precluded from further litigation

Findings and Recommendation Page 5

in federal court, under both federal and Oregon rules of claim preclusion. The Ninth Circuit revisited the issue with the same results in <u>Silverton v. Department of the Treasury</u>, 644 F.2d 1341, (9th Cir. 1981), holding that

> because of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards.

644 F.2d at 1347.

The gravamen of the complaint filed in this case is the same as the habeas corpus petition filed in the Circuit Court for Marion County--that the actions of OSP medical personnel between 2001 and October 2005, in failing to alleviate the pain in his back and right hand, have constituted deliberate indifference to Forbess's serious medical needs. The issue presented in this case is the same issue that was presented in the state court habeas proceeding, i.e., whether Forbess has received constitutionally inadequate medical treatment from prison medical personnel.[1] The Circuit Court afforded Forbess a full and fair opportunity to litigate the constitutional issues he presented in his habeas corpus petition.

---

[1] In order to succeed on a § 1983 claim for inadequate medical treatment, plaintiff must demonstrate that the health care professional showed "deliberate indifference to his serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). Further, the deliberate indifference must be both "purposeful" and "substantial" in nature. <u>United States v. Scrivner</u>, 167 F.3d 514, 525 (9th Cir. 1999). To state a claim, a prisoner must show that the official knew of and disregarded a substantial risk of serious harm to his health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Findings and Recommendation Page 6

## Conclusion

I recommend that defendants' motion to dismiss (doc. # 50) be GRANTED on the ground of claim preclusion.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due April 8, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due April 22, 2008, and the court's review of the Findings and Recommendation will go under advisement with the District Judge on that date.

Dated this 25th day of March, 2008.

_____
Dennis James Hubel
United States Magistrate Judge

Findings and Recommendation Page 7